IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

EDWARD JONES                                                                        PLAINTIFF

V.                               2:20CV00116 JM

WILLIAM AARON TRAYLOR;
CLARENCE JONES; JESSE B
DAGGETT; WAYNE TRAYLOR;
and MICHEAL TRAYLOR                                          DEFENDANTS

## ORDER

Plaintiff Edward Jones's motion to proceed *in forma pauperis* (Doc. No. 1) is granted. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The Court must screen his complaint. 28 U.S.C. § 1915(e)(2). Plaintiff's claims echo those made in a case dismissed last month. *Jones v. Traylor*, No. 2:20-cv-86-BSM, Doc. 2, 3, & 4. The case was dismissed under § 1915(e)(2)(B), because it "describ[ed] fantastic or delusional scenarios," and had no rational basis in the law. *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). Plaintiff has refiled the claims attempting to better state his position.

As he did previously, Plaintiff explains that he sued the Traylors and Clarence Jones in Lee County Circuit Court in 2017. (Doc. No. 2 at 2). Previously, Plaintiff claimed that Daggett, an attorney who represented the Defendants, allowed an imposter to impersonate Clarence Jones in a pretrial-state hearing. *Jones v. Traylor*, No. 2:20-cv-86-BSM (Doc. 2 at 2). Mr. Jones again claims that the Clarence Jones who appeared at the hearing was an imposter, and he asks this Court to compel the production a video of the August 29, 2017 hearing to prove the Defendants intentionally mislead the state circuit court. (Doc. 2 at 3).

"A *pro se* plaintiff must set forth enough factual allegations to 'nudge [] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) After reviewing Plaintiff's *pro se* complaint, the Court finds that the complaint should be, and hereby is dismissed *sua sponte*. Nothing in the complaint resembles a cause of action.

As stated, the Court grants Plaintiff's motion to proceed IFP. (Doc. No. 1). The Court further finds that Plaintiff's complaint fails to state a claim for relief and, therefore, the complaint (Doc. No. 2) is dismissed without prejudice. The Clerk is directed to close the case.

IT IS SO ORDERED this 4th day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE